People v Jimenez (2024 NY Slip Op 03765)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Jimenez

2024 NY Slip Op 03765

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.


2022-00548
(Ind. No. 447/19)

[*1]The People of the State of New York, respondent,
vRicardo Jimenez, appellant.

Lipman & Booth, LLC, New York, NY (Christopher Booth of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Virginia A. Marciano and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered November 29, 2021, convicting him of bribery in the second degree and rewarding official misconduct in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Following a jury trial, the defendant was convicted of bribery in the second degree and rewarding official misconduct in the second degree. The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The County Court providently exercised its discretion in denying the defendant's applications for a mistrial based on the court's COVID-19 safety protocols. Contrary to the defendant's contention, the court's COVID-19 safety protocols did not deprive him of the ability to meaningfully participate in jury selection or violate his right to due process (see People v Ramirez, 41 NY3d 406, 411-412).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court